| | | |
|---|---|---|
| Daniel L. Ackman | Shannon Liss-Riordan | David T. Goldberg |
| LAW OFFICE OF DANIEL ACKMAN | LICHTEN & LISS-RIORDAN, P.C. | DONAHUE & GOLDBERG, L.L.P. |
| 26 Broadway, 8th Floor | 729 Boylston Street, Suite 2000 | 240 Kent Ave. |
| New York, NY 10004 | Boston, Massachusetts 02116 | Brooklyn, NY 11249 |
| Tel: 917-282-8178 | Tel: 617-994-5800 | Tel. 212-334-8813 |
| dan@danackmanlaw.com | sliss@llrlaw.com | |

October 11, 2022

**By ECF & EMAIL**:
Hon. Richard J. Sullivan
United States District Court (sitting by designation)
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: <u>Nnebe v. Daus, 06-CV-04991 and Stallworth v. Joshi, 17-CV-7119</u>

Your Honor:

    This letter in in reply to defendants' letter opposing our October 3 motion for reconsideration. Defendants' letter raises numerous grounds in opposition to plaintiffs' discovery request, none of which were raised in the parties' September 23 Joint Letter or in their original objection to plaintiffs' request for class member phone numbers.

    First, defendants contend that plaintiffs' letter motion is improper in form because it "is an inappropriate attempt to evade" Local Rule 6.3—a Rule that "specif[ies] *the time periods governing* a motion for reconsideration or reargument." Committee Note (emphasis added). But this attack— never mind that defendants claim no prejudice from the form of the motion (or its timeliness)—ignores that the original discovery motion and the original opposition were both by letter, that is a single joint letter, as is required by Your Honor's Rules of Practice. This form of motion, presumably, would also be in violation of the Local Rules, but for the fact that Your Honor's rules direct that discovery motions be filed this way. Given that the original motion was by letter, it was appropriate for a reconsideration motion to be filed the same way. In addition, prior motions for reconsideration by both sides were submitted by letter (*see, e.g.,* Dkt. numbers 88, 384, 405, 513), and neither the Court nor defendants raised any concern about their form.

    Defendants proceed to offer new grounds in opposition—if plaintiffs' arguments are not "disregarded in their entirety," as defendants propose they should be. First, defendants claim they actually *did* object that plaintiffs' request for class member phone numbers was disproportionate and burdensome, not in their objection to the specific interrogatory, but in an omnibus objection, which they quote at length. But that assertion fails: The omnibus objection is limited to categories "*where the TLC does not possess records of the information requested*." Letter at 2 (emphasis added). Surely, the TLC has ready access to driver phone numbers.

Third, defendants claim that the request is "additional discovery," another claim never urged in their omnibus objection, in their specific objection to the production of phone numbers, or in the joint letter. But the Federal Rules, which they cite for the first time, do not define what discovery is "additional" and do not say that additional discovery is barred. And as defendants well know, the discovery which occurred at the outset of this action, some 16 years ago, was purely on the merits. *See* Dkt. No. 40 (ending discovery on 2/28/07). That is not the result of some oversight. It is because this Court, in a 2006 decision by Magistrate Judge Peck, bifurcated damages discovery. *See* Unnumbered Order dated 12/14/06 & Dkt. No. 59. Thus, there had been no discovery as to damages until this action entered its damages phase. Moreover, given that this case was only recently certified as a class action makes clear that class discovery has only now been appropriate. Fourth, while we did not feel the need to note the point in our motion, we did, contrary to defendants' suggestion, run the list through the NCOA database before mailing, in order to get updated addresses. We also updated addresses and re-sent letters when the initial letter proved undeliverable.

Finally, defendants, inventing still another hurdle to discovery, claim that plaintiffs "have not set forth why phone numbers would get them better results." But, again, the Federal Rules impose no such "better results" requirement and do not bar discovery of less useful information or even inadmissible information. As to defendants' factual contention, plaintiffs need not explain how the telephone is an effective communications device, which does not work without phone numbers.

For these reasons and the reasons previously stated, this Court should reconsider its prior ruling and direct that defendants comply forthwith with their obligation to produce the class member phone numbers forthwith.

> Respectfully submitted,
>
> /s/
>
> Daniel L. Ackman
> David T. Goldberg
> Shannon Liss-Riordan

cc: All Counsel (by ECF & Email)