UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN NNEBE, *et al.*, | No. 06-cv-4991 (RJS) |
| Plaintiffs, | |
| -v- | |
| MATTHEW DAUS, *et al.*, | |
| Defendants. | |
| ANTHONY STALLWORTH, *individually and on behalf of all others similarly situated, et al.*, | No. 17-cv-7119 (RJS) |
| Plaintiffs, | |
| -v- | ORDER |
| MEERA JOSHI, *et al.*, | |
| Defendants. | |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of the parties' August 4, 2023 joint letter. (*See* Doc. No. 594.)[1] Because the parties have agreed to proceed based on the pleadings in *Nnebe v. Daus*, Dkt. No. 06-cv-4991, the Clerk of Court is respectfully directed to close *Stallworth v. Joshi*, Dkt. No. 17-cv-7119. (*See id.* at 1.)

Additionally, IT IS HEREBY ORDERED THAT Defendants' motion for leave to file an amended answer in *Nnebe v. Daus*, Dkt. No. 06-cv-4991, is GRANTED. (*See* Doc. Nos. 586–87.) Federal Rule of Civil Procedure 15 provides that, before trial, a party may amend a pleading with the court's leave and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (describing a preference to

---

[1] Unless otherwise noted, all record citations are to Dkt. No. 06-cv-4991.

"afford[] [parties] an opportunity to test . . . claim[s] on the merits"). Plaintiffs seem to primarily argue that leave to amend should not be granted due to Defendants' undue delay (*see* Doc. No. 587 at 1–2), but "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (internal quotation marks omitted and alterations adopted). Plaintiffs have not made such a showing. In light of the fact that, until recently, this case has largely focused on issues of liability rather than damages, the Court does not discern any bad faith in Defendants' effort to amend the answer to include a mitigation-of-damages affirmative defense. Furthermore, the Court finds that Plaintiffs will not be unduly prejudiced by the amendment, given that Plaintiffs have been on notice of Defendants' interest in mitigation of damages since at least December 2022, the planned information exchange ahead of the October 16, 2023 damages trial has not yet occurred, and the additional information that Plaintiffs will need to provide is minimal. (*See* Doc. No. 586 at 2, Ex. B at 8 (showing that mitigation of damages has already been an object of discovery); Doc. No. 594 at 3, Ex. A at 2 (adding at most four extra questions to Plaintiffs' disclosure as a result of a mitigation-of-damages affirmative defense).) *See, e.g.*, *Pasternack*, 863 F.3d at 174; *Tokio Marine & Fire Ins. Co. v. Emps. Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986). For these reasons, Defendants' motion is GRANTED, and the Clerk of Court is respectfully directed to terminate the motion pending at document number 586 in *Nnebe v. Daus*, Dkt. No. 06-cv-4991.

The Court will rule on the parties' pending discovery disputes by a separate order in due course. (*See generally* Doc. No. 594.)

SO ORDERED.

Dated: August 9, 2023
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation